**United States District Court**
**District of Kansas**

| | |
|---|---|
| **Robert Dool**, **Julie Brown**, **Donald D. Rosenow**, and **Thomas C. Schermuly**,<br><br>*Plaintiffs*,<br><br>*v.*<br><br>**Anne E. Burke**, in her official capacity as Chairman of the Kansas Supreme Court Nominating Commission; **Kerry E. McQueen**, **Patricia E. Riley**, **Matthew D. Keenan**, and **Jay F. Fowler**, in their official capacities as Attorney Members of the Kansas Supreme Court Nominating Commission; **Carol Gilliam Green**, in her official capacity as Clerk of the Kansas Supreme Court,<br><br>*Defendants*. | **Case No.** 6:10-cv-01286-MLB-KMH<br><br>**ORAL ARGUMENT REQUESTED; INJUNCTIVE RELIEF SOUGHT** |

**Plaintiffs' Reply Supporting Motion for Summary Judgment**

On September 22, 2010, Plaintiffs Robert Dool, Julie Brown, Donald D. Rosenow, and Thomas C. Schermuly filed a Motion for Summary Judgment on all counts contained in their complaint with this Court. On October 14, 2010, Defendants filed their Response. Plaintiffs now timely file their reply.

**Argument**

As Defendants note, Plaintiffs memorandum supporting summary judgment inadvertently did not "set out [Plaintiffs'] contentions of fact in separately numbered paragraphs" as required by Fed. R. Civ. P. 56(c) and D. Kan. Rule 56.1(a). Def. Resp. at 1. Defendants are incorrect, however, in stating that this error should result in a denial of Plaintiffs' motion. Defendants cite

-1-

to *King v. Metcalf 56 Homes Ass'n, Inc.*, 385 F. Supp. 2d 1137 (D. Kan. 2005), a case in which, according to Defendants, a district court "denied a motion for summary judgment when the moving party 'failed to present their statements of material fact by way of numbered paragraphs.'" Def. Resp. at 1.

In *King*, however, the deficiencies in the motion for summary judgment went beyond the fact that the statement of facts was not presented in numbered paragraphs. In addition, the court found that "all of defendants' factual allegations [were] unsupported by the record" because they either did not contain "any citation to the record" or because they "cited depositions purportedly in support of other factual allegations," despite the fact that "they did not file the cited deposition testimony and therefore that deposition testimony is not a part of the record in the case." *King*, 385 F. Supp. 2d at 1140. The court also held that "Defendants' reply brief suffers from the same flaw and, consequently, the court also will not consider the unsupported factual allegations in defendants' reply." *Id.*

Here, by contrast, Plaintiffs factual assertions are supported by the record. Most of the statements in Plaintiffs' motion contain citation to relevant statutory law, and those few that do not are supported by Plaintiffs' Verified Complaint. *See, e.g.*, Verified Complaint ¶¶ 7-10, 32-33.

Further, contrary to Defendants statement, the district court in *King* did not deny the motion for summary judgment for failure to comply with Rule 56. Indeed, the district court granted the motion in part. *Id.* at 1145. Instead of denying the motion, the district court in *King* simply limited itself in consideration of the motion to those factual allegations that were otherwise supported by the record. *Id.* at 1140. The fact that Plaintiffs failed to comply with Rule 56 is thus not a ground for denial of their summary judgment motion.

Defendants also contend that Plaintiffs' Motion for Summary Judgment should be denied as moot, as they believe their Motion to Dismiss is likely to be granted by this Court. Def. Resp. at 2. This is presumptuous. For the reasons given in Plaintiffs' Response to Defendants' Motion to Dismiss, dismissal of Plaintiffs' claims is not appropriate, and for the reasons given in Plaintiffs' memorandum supporting summary judgment this Court can and should grant Plaintiffs the requested injunctive relief.

## Conclusion

For the reasons given above and in Plaintiffs' initial memorandum, the relevant portions of Kan. Const. art. III, § 5(e) and Kan. Stat. §§ 20-119 through -123 are unconstitutional both facially and as-applied to Plaintiffs. Plaintiffs are entitled to have summary judgment entered in their favor.

Dated: October 28, 2010                              Respectfully submitted,

s/ Joseph A. Vanderhulst                   s/ Richard A. Macias
James Bopp, Jr., Ind. #2838-84             Richard A. Macias
Josiah Neeley, Tex. #24046514              Bar Number 12192
Joseph A. Vanderhulst, Ind. #28106-20      Local Counsel for Plaintiffs
Lead Counsel for Plaintiffs                Law Offices of Richard Macias
JAMES MADISON CENTER FOR FREE SPEECH       901 N. Broadway
1 South Sixth Street                       Wichita, Kansas 67214
Terre Haute, Indiana 47807                 Tel:    316.265.5245
Tel:    812.232.2434                       Fax:    316.265.3953
Fax:    812.235.3685

**Certificate of Service**

I hereby certify that on October 28, 2010, I electronically filed the foregoing with the

clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the

following:

Stephen R. McAllister
Todd N. Thompson
Thompson Ramsdell & Qualseth, P.A.
333 W. 9th Street
P.O. Box 1264
Lawrence, Kansas 66044
Attorneys for Defendants

Patrick J. Hurley
Office of Attorney General Steve Six
Memorial Hall, 2nd Floor
120 SW 10th Street
Topeka, Kansas 66612
Attorneys for Defendants

s/ Richard A. Macias
Richard A. Macias
Bar Number 12192
Local Counsel for Plaintiffs
Law Offices of Richard Macias
901 N. Broadway
Wichita, Kansas 67214
Tel:    316.265.5245
Fax:    316.265.3953
maciaslaw@ack.kscoxmail.com